E-filing

PAUL L. REIN, Esq., (SBN 43053)
JULIE OSTIL, Esq. (SBN 215202)
ANN WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

Attorneys for Plaintiff
ANDI MILLARD

FILED

SEP 1 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANDI MILLARD

    Plaintiff,

v.

CHEF KING RESTAURANT;
MIAO ZHAO HONG, dba
CHEF KING RESTAURANT;
HENRY L. BRYANT; ANNE
BRYANT; and DOES 1-10,
Inclusive,

    Defendants.
_____/

CASE NO. C07-04795
Civil Rights

**COMPLAINT FOR DENIAL OF ACCESS RIGHTS TO DISABLED PERSONS IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AND OF CALIFORNIA LAWS GUARANTEEING FULL AND EQUAL ACCESS TO PUBLIC FACILITIES; INJUNCTIVE RELIEF AND DAMAGES PER 42 USC 12101** *et seq.*; **CALIFORNIA CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 AND 55; CALIFORNIA HEALTH AND SAFETY CODE §§ 19955-19959**

**DEMAND FOR JURY TRIAL**

Plaintiff ANDI MILLARD complains of defendants MIAO ZHAO HONG, dba CHEF KING RESTAURANT; HENRY L. BRYANT; ANNE BRYANT; and DOES 1-10, Inclusive, and alleges as follows:

1.    **INTRODUCTION:**    This case involves the denial of accessible entrance, seating, parking, restroom facilities and other public facilities, to a physically disabled wheelchair user, plaintiff Andi Millard, at the Chef King Restaurant, located at 2214 S. El Camino Real, San Mateo, California (hereinafter

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -1-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

1  sometimes "Restaurant"). Plaintiff Andi Millard is a "qualified" physically
2  disabled person, due to hemiplegia, who requires the use of a wheelchair and is
3  unable to use public facilities which are not accessible to disabled members of the
4  public. Plaintiff Andi Millard was denied her civil rights, under both California
5  law and federal law, to full and equal access at these public facilities because they
6  were not, and are not now, properly accessible to physically disabled persons who
7  use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make
8  these facilities accessible to disabled persons, and to ensure that all disabled
9  patrons will be provided accessible parking, entry, seating, paths of travel, and
10 accessible restroom facilities. Plaintiff also seeks recovery of damages for her
11 mental and emotional personal injuries and discriminatory experiences and for the
12 continuing day-to-day denial of access and deterrence from returning which
13 results from defendants' failure to provide accessible facilities. Plaintiff also
14 seeks recovery of statutory attorney fees, litigation expenses and costs.

15  2.  **JURISDICTION:** This Court has jurisdiction of this action
16 pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act
17 of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and
18 related causes of action arising from the same facts are also brought under
19 California law, including but not limited to violations of California Government
20 Code §4450 *et seq*., Health & Safety Code §19955 *et seq*., including §19959;
21 Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54,
22 54.1 and 55.

23  3.  **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)
24 because the subject property is located in this district and plaintiff's causes of
25 action arose here.

26  4.  **INTRADISTRICT:** This case should be assigned to the San Jose
27 intradistrict where the subject property is located and where plaintiff's causes of
28 action arose.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -2-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

5. **PARTIES:** Plaintiff Andi Millard is a "qualified" physically disabled person who is hemiplegic, cannot walk and who requires use of a motorized wheelchair for mobility. Defendants MIAO ZHAO HONG, dba CHEF KING RESTAURANT; HENRY L. BRYANT; ANNE BRYANT; and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of the property, building and facilities located at 2214 S. El Camino Real, San Mateo, California. This restaurant, operated as "Chef King Restaurant" is a public accommodation and/or business entity subject to the requirements of California Health & Safety Code §19955 *et seq.*, and of California Civil Code §§ 51, 52, and 54 *et seq.* These facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" requiring disabled access per §19955-19959 *et seq.* of the California Health & Safety Code.

6. The true names and capacities of defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7. Defendants MIAO ZHAO HONG, dba CHEF KING RESTAURANT; HENRY L. BRYANT; ANNE BRYANT; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject property building, and facilities at all relevant times. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -3-   S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

complained of herein.

8. Defendants MIAO ZHAO HONG, dba CHEF KING RESTAURANT; HENRY L. BRYANT; ANNE BRYANT; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject Chef King Restaurant, a restaurant in San Mateo, California. The Restaurant's premises and facilities are each a "public accommodation or facility" subject to the requirements of California Health & Safety Code § 19955 *et seq.* and of the California Civil Code, §§ 54, 54.1, and 54.3. At all times relevant to this complaint, defendants have held these facilities open to public use. The subject Restaurant is also a "business establishment," subject to the requirements of California Civil Code §§ 51 and 52. Such premises are "public accommodations" or "commercial facilities" subject to the requirements of §§ 301, 302 and 303 of the Americans with Disabilities Act of 1990 (hereinafter also the "ADA").

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: LACK OF ACCESS TO A PUBLIC FACILITY (§§19955 *Et Seq.*, Health & Safety Code, §54.1 Civil Code)**

9. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 8, above, and incorporates them herein by reference as if separately repled hereafter.

10. Plaintiff Andi Millard and other similarly situated mobility disabled persons are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code § 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955 *et seq.*

11. Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -4-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

Division 5 of Title 1 of the Government Code." Section 19955 also requires that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which occurred at such public facility since July 1, 1982, requiring access complying with the specifications of Title 24 whenever "any construction, alteration, structural repair or addition" was performed. Further, any construction, alterations, structural repairs, or additions which occurred between July 1, 1970 and July 1, 1982, required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, per Government Code §4450*ff.* All such construction and/or alterations were carried out by the current defendant owners and/or operators, lessors and/or lessees, or by their predecessors in interest, whose acts and omissions are the continuing and current responsibility of all current owners, operators, lessors and lessees.

12.   **FACTUAL STATEMENT:** On or about April 21, 2007, plaintiff Andi Millard, driving her disabled licensed van, went to San Mateo to shop and stopped to have lunch at the Chef King Restaurant, 2214 S. El Camino Real, San Mateo. When plaintiff reached the Restaurant's front entrance, she found that she could not enter the Restaurant at all, as there was an approximately 6" high step blocking her way, and no directional signage regarding any alternative accessible entrance. She attempted to find another entry to the business, but was unable to find one.

13.   On information and belief, the interior route to the Restaurant's restroom is also inaccessible because of the placement of tables and benches. In addition the restroom itself, although accessible in some respects, is inaccessible in other respects, including but not limited to an improperly located toilet. The path of travel to the restroom and the restroom itself should be accessible for use by physically disabled persons.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -5-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

14. On information and belief, all of the access problems encountered by plaintiff at the Restaurant premises, or which may be encountered by plaintiff on any future visit, are in violation of state and federal law, and should be remedied, including but not limited to the necessity of providing accessible paths of travel at the entrance and throughout the Restaurant; a properly configured accessible restroom and path of travel to the restroom as required by state and federal laws; and, on information and belief, other access deficiencies should be remedied according to proof. All facilities must be brought into compliance with all applicable federal and state code requirements.

15. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§54.3 and 55.

16. Further, each and every violation of the Americans With Disabilities Act of 1990, (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

17. Plaintiff has been damaged by defendants' wrongful conduct, and suffered emotional and psychological damages, as well as violation of her civil rights, and seeks the relief that is afforded by Civil Code §§ 54.1, 54.3 and 55. Plaintiff seeks actual damages, and statutory and treble damages against defendants for all periods of time mentioned herein. As to those of the defendants that currently own, operate, and/or lease the subject Restaurant, plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -6-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

1  discriminatory practices and barriers that deny equal access for disabled persons,
2  and for reasonable attorney fees, litigation expenses and costs.
3      18.  **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit
4  the acts and omissions of defendants as complained of herein which are
5  continuing on a day-to-day basis and which have the effect of wrongfully
6  excluding plaintiff and other members of the public who are physically disabled
7  wheelchair users from full and equal access to these public facilities. Such acts
8  and omissions are the cause of humiliation and mental and emotional suffering of
9  plaintiff Andi Millard in that these actions continue to treat her as an inferior and
10 second class citizen and serve to discriminate against her on the sole basis that
11 she is a person with disabilities who requires the use of a wheelchair for
12 movement in public places. Plaintiff Millard is unable, so long as such acts and
13 omissions of defendants continue, to achieve equal access to and use of these
14 public facilities. Plaintiff intends to return to defendants' Restaurant once it is
15 made properly accessible, but cannot do so until the premises are brought into
16 compliance with federal and state requirements for accessibility for persons who
17 use wheelchairs. The acts of defendants have proximately caused and will
18 continue to cause irreparable injury to plaintiff if not enjoined by this Court.
19     19.  Wherefore plaintiff Andi Millard asks this Court to preliminarily and
20 permanently enjoin any continuing refusal by defendants to grant full and equal
21 access to herself and other disabled persons in the respects complained of and to
22 require defendants to comply forthwith with the applicable statutory requirements
23 relating to access for disabled persons. Such injunctive relief is provided by
24 California Health & Safety Code §19953 and Civil Code §55, and other law.
25     20.  **DAMAGES:** At all times relevant to this action, California Civil
26 Code §§ 54 and 54.1 has provided that physically disabled persons are not to be
27 discriminated against because of physical handicap or disability. Civil Code § 54
28 provides:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -7-   S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

> Individuals with disabilities or medical condition have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

Civil Code § 54.1 provides that:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities,... and privileges of all common carriers, airplanes, motor vehicles,...or any other public conveyances or modes of transportation... hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

21. As a result of the denial of equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered a violation of her Civil Rights including but not limited to rights under Civil Code §§54 and 54.1, all to her damages as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

22. Plaintiff requests that the Court award damages pursuant to Civil Code §54.3 and other law.

23. **FEES AND COSTS:** As a result of defendants' acts and omissions, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§54.3 and 55, and Health & Safety Code §19953. Additionally, plaintiff's

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -8-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

1  lawsuit is intended to force the defendants to make their facilities accessible to all
2  disabled members of the public, justifying "public interest" attorney fees,
3  litigation expenses and costs pursuant to the provisions of Code of Civil
4  Procedure §1021.5 and other applicable law.
5      Wherefore plaintiff prays for relief as hereinafter stated.

### SECOND CAUSE OF ACTION:
### VIOLATION OF UNRUH CIVIL RIGHTS ACT
### CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,
### ON THE BASIS OF DISABILITY

10  24.   Plaintiff repleads and incorporates by reference, as if fully set forth
11  again herein, the factual allegations contained in Paragraphs 1 through 23, above,
12  and incorporates them herein by reference as if separately repled hereafter.
13  25.   At all times herein mentioned, the Unruh Civil Rights Act, California
14  Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

18  Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

21  26.   Plaintiff suffered damages as above described as a result of
22  defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple
23  regards, including but not limited to violations of the ADA, as described in the
24  Third Cause of Action, *infra*, the contents of which cause of action is
25  incorporated herein as if separately repled. California Civil Code §52(a) provides
26  that each such violation entitles plaintiff to "the actual damages, and any amount
27  that may be determined by a jury, or a court sitting without a jury, up to a
28  maximum of three times the amount of actual damage but in no case less than four

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -9-   S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

1  thousand dollars ($4,000), and any attorney fees that may be determined by the
2  court in addition thereto..."
3      WHEREFORE, plaintiff prays for damages and injunctive relief as
4  hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101FF

8   27.  Plaintiff repleads and incorporates by reference, as if fully set forth
9  again herein, the allegations contained in Paragraphs 1 through 26 of this
10 Complaint, and incorporates them herein as if separately repled.

11  28.  Pursuant to law, in 1990 the United States Congress made findings
12 per 42 USC §12101 regarding physically disabled persons, finding that laws were
13 needed to more fully protect "some 43,000,000 Americans" with "one or more
14 physical or mental disabilities;" that "historically, society has tended to isolate
15 and segregate individuals with disabilities;" that "such forms of discrimination
16 against individuals with disabilities continue to be a serious and pervasive social
17 problem;" that "the Nation's proper goals regarding individuals with disabilities
18 are to assure equality of opportunity, full participation, independent living, and
19 economic self sufficiency for such individuals;" and that "the continuing
20 existence of unfair and unnecessary discrimination and prejudice denies people
21 with disabilities the opportunity to compete on an equal basis and to pursue those
22 opportunities for which our free society is justifiably famous..."

23  29.  Congress stated as its purpose in passing the Americans with
24 Disabilities Act (42 USC §12101(b))

   It is the purpose of this Act

   (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -10-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

30. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, §301(7)(B), which includes any "a restaurant, bar, or other sales or rental establishment serving food or drink."

31. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

32. Among the general prohibitions of discrimination were included, in § 302(b)(1)(A):

§ 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. -- It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§ 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT -- It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -11-     S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

1  or benefit from a good, service, facility, privilege, advantage, or accommodation
2  that is not equal to that afforded to other individuals."
3      § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. -- It shall be discriminatory to
4  provide an individual or class of individuals, on the basis of a disability or
5  disabilities of such individual or class, directly, or through contractual, licensing,
6  or other arrangements with a good, service, facility, privilege, advantage, or
7  accommodation that is different or separate from that provided to other
8  individuals, unless such action is necessary to provide the individual or class of
9  individuals with a good, service, facility, privilege, advantage, or accommodation,
10 or other opportunity that is as effective as that provided to others."
11     33.   Among the specific prohibitions against discrimination were
12 included:
13 §302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,
14 practices, or procedures, when such modifications are necessary to afford such
15 goods, services, facilities, privileges, advantages, or accommodations to
16 individuals with disabilities...;"
17 §302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that
18 no individual with a disability is excluded, denied service, segregated, or
19 otherwise treated differently than other individuals because of the absence of
20 auxiliary aids and services...;"
21 §302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication
22 barriers that are structural in nature, in existing facilities... where such removal is
23 readily achievable;"
24 §302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier
25 under clause (iv) is not readily achievable, a failure to make such goods, services,
26 facilities, privileges, advantages, or accommodations available through alternative
27 methods if such methods are readily achievable." The acts and omissions of
28 defendants set forth herein were in violation of plaintiff's rights under the ADA,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -12-   S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

1  Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part
2  36*ff*.
3      34.    The removal of each of the barriers complained of by plaintiff as
4  hereinabove alleged, were at all times herein mentioned "readily achievable"
5  under the standards of the Americans With Disabilities Act. As noted
6  hereinabove, removal of each and every one of the architectural barriers
7  complained of herein were also required under California law. Further, on
8  information and belief, alterations, structural repairs or additions since January
9  26, 1992 have also independently triggered requirements for removal of barriers
10  to access for disabled persons per §303 of the ADA.
11      35.    On information and belief, as of the date of plaintiff's encounter at
12  the premises and the filing of this Complaint, the premises have denied and
13  continue to deny full and equal access to plaintiff and to other disabled persons,
14  including wheelchair users, in other respects, which violated plaintiff's rights to
15  full and equal access and which discriminated against plaintiff on the basis of her
16  disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the
17  goods, services, facilities, privileges, advantages and accommodations, in
18  violation of §302 of the ADA, 42 USC §12182.
19      36.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,
20  §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of
21  the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected
22  to discrimination on the basis of disability in violation of this title or has
23  reasonable grounds for believing that she is about to be subjected to
24  discrimination in violation of §302 and §303. On information and belief,
25  defendants have continued to violate the law and deny the rights of plaintiff and
26  other disabled persons access to this public accommodation since on or before
27  defendant's encounters as previously discussed. Pursuant to §308(a)(2), "In cases
28  of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

37. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the property and premises.

38. As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses (including expert consultant and expert witness fees) and costs, pursuant to the provisions of ADA § 505 (42 U.S.C. 12205) and the Department of Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505). Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to require the defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

WHEREFORE plaintiff prays for relief as hereinafter stated:

## PRAYER

Plaintiff ANDI MILLARD prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants MIAO ZHAO HONG, dba CHEF KING RESTAURANT; HENRY L. BRYANT;

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -14-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

1 ANNE BRYANT; and DOES 1-10, Inclusive, as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

    2.    Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

    3.    Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

    4.    Award to Plaintiff all reasonable attorney fees, litigation expenses, and costs of this proceeding as provided by law;

    5.    For prejudgment interest pursuant to California Civil Code § 3291; and

    6.    Grant such other and further relief as this Court may deem just and proper.

Dated: September 18, 2007

PAUL L. REIN
JULIE OSTIL
ANN WINTERMAN
LAW OFFICES OF PAUL L. REIN

_/s/_
Attorneys for Plaintiff
ANDI MILLARD

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -15-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 18, 2007

PAUL L. REIN
JULIE OSTIL
ANN WINTERMAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
ANDI MILLARD

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -16-    S:\SLR\CHEF KING\PLEADINGS\CHEF KING.CMP.wpd